**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-21076-Civ-TORRES

VICTOR GERARD GUYTON II,

    *Plaintiff,*

v.

FRANK BISIGNANO, Acting Commissioner
of the Social Security Administration,

    *Defendant.*
_____/

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This cause comes before the Court on competing motions for summary judgment filed by the pro se Plaintiff [D.E. 7] and Defendant [D.E. 8], on whether the Administrative Law Judge ("ALJ") properly weighed the evidence in reaching her unfavorable decision. Plaintiff also filed a Motion for Judgment on the Pleadings [D.E. 9], which is materially the same as his Motion for Summary Judgment, and which will also be adjudicated here. Under the limited standard of review governing this case, the Court finds that the motions are ripe for disposition and that substantial evidence supports the ALJ's determination. For the reasons stated below, Plaintiff's Motions are **DENIED**, Defendant's Motion is **GRANTED**, and the decision of the ALJ is **AFFIRMED**.

1

## I.   BACKGROUND

On August 23, 2023, Plaintiff filed a disability application related to injuries sustained during a car accident. The agency denied the application, both initially and on reconsideration. Then, on January 30, 2025, the ALJ issued an unfavorable decision. The Appeals Council then denied Plaintiff's request for review, and the pending case followed.

In his Motion, Plaintiff states a litany of errors (17 to be exact) that the ALJ ostensibly committed when she entered the unfavorable decision. As to the vast majority of those 17 issues, Plaintiff does not make meaningful argument, and thus has waived those issues.[1] There are a couple of issues, however, that Plaintiff makes an effort to flesh out. Those issues are (1) whether the ALJ erred in failing to comply with the HALLEX, and (2) whether the ALJ properly weighed the medical evidence (particularly, by emphasizing an X-Ray over an MRI).

---

[1] *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (internal citations omitted) ("We review a Social Security case to determine whether the Commissioner's decision is supported by substantial evidence, but we review de novo whether the correct legal standards were applied. We read briefs filed by pro se litigants liberally ... [but] issues not briefed on appeal by a pro se litigant are deemed abandoned. … We must conclude that Battle abandoned her arguments on appeal because she failed to provide any legal authority, citations to the record, or substantive arguments in her brief."); *Kelliher v. Veneman*, 313 F.3d 1270, 1274 n. 3 (11th Cir. 2002) (holding that mentioning a claim in the summary of the argument section is not enough to raise the issue for appeal and that the claim is deemed abandoned); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("Abandonment of a claim or issue can also occur when the passing references to it are made in the 'statement of the case' or 'summary of the argument,' as occurred here."); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

## II. STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1212 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

In testing for substantial evidence, a court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing another case). Instead, so long as an ALJ's findings are supported by substantial evidence, a court must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *see also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."); *Miles*, 84 F.3d at 1400; 42 U.S.C. § 405(g). However, no presumption of validity attaches to the Commissioner's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). A court also reviews an ALJ's decision to determine whether the correct legal standards were applied. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir.

1997). In this respect, "the ALJ has a basic obligation to develop a full and fair record," as a hearing before an ALJ is not an adversary proceeding. *Id.* (citing another source).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses. *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence. *See Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). We cannot "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [ALJ]." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)). Instead, while "scrutiniz[ing] the record as a whole," we must determine if the ALJ's findings were reasonable, *Bloodsworth*, 703 F.2d at 1239, and if the proper legal standards were applied, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

### III.   APPLICABLE LAW AND PRINCIPLES

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of producing evidence that proves he or she meets this statutory definition. "The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims" and "[t]hese regulations place[] a very heavy burden on the claimant to demonstrate both

4

a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)).

An ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. *See* 20 C.F.R. § 404.1520(b). In the second step, an ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If an ALJ does not make such a finding, then the inquiry ends. *See id.* at § 404.1520(c). At step three, an ALJ compares the claimant's impairments with specific impairments under the regulations that require a finding of disability without further inquiry into the claimant's ability to perform other work. *See Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985) ("Certain impairments are so severe either when considered alone or in conjunction with other impairments that, if such impairments are proved, the regulations require a finding of disability without further inquiry into the claimant's ability to work."). If the claimant's impairment meets or equals a listed impairment, the claimant's disability is presumed, and benefits are awarded. *See* 20 C.F.R. § 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a prima facie case of disability is established. An ALJ assesses a claimant's RFC prior to this stage, based on the other relevant evidence, to determine the extent of a claimant's ability to work despite the alleged impairments. *See id.* at

5

§ 416.945(a)(1). A claimant's RFC is an administrative finding of fact concerning the claimant's maximum remaining capacity to perform work-related physical and mental activities on a regular and continuing basis despite the functional limitations and environmental restrictions imposed by his or her medically determinable impairment(s).

When making this finding, an ALJ is required to identify the limitations and/or restrictions imposed by the claimant's impairments and then assess his or her work-related abilities on a function-by-function basis. Only upon the conclusion of this function-by-function analysis may an ALJ express the claimant's RFC in terms of the exertional levels of work (i.e., sedentary, light, medium, heavy, and very heavy).

This leads to step five—the final inquiry—where the burden shifts to the Commissioner to show that there is other work available in the national economy that the claimant can perform based on the claimant's RFC, work experience, education, and age. *See id.* at § 404.1520(e)-(f).

### IV. ANALYSIS

We will address in turn Plaintiff's two primary arguments: (1) whether the ALJ erred by failing to comply with the HALLEX, and (2) whether the ALJ properly weighed the medical evidence of record.

#### A. *HALLEX*

Here, Plaintiff argues that the ALJ failed to comply with the guidance found in the Hearing Appeals and Litigation Law Manual ("HALLEX"), because the ALJ ostensibly failed to rule on one of Plaintiff's objections during the hearing. But the

Eleventh Circuit has never held that an ALJ's failure to comply with the HALLEX is grounds for remand. *See McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) ("This Court has not decided whether HALLEX carries the force of law.").

And aside from that, there is a plethora of authority to suggest that the HALLEX—an "internal guidance tool"—does not carry the force of law. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (holding that agency interpretations contained in "policy statements, agency manuals, and enforcement guidelines[ ] all ... lack the force of law"); *George v. Astrue*, 338 Fed. App'x 803, 805 (11th Cir. 2009) (finding that "to assume that § I–2–8–40 of HALLEX carries the force of law" would constitute "a very big assumption"); *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000) (holding "that HALLEX is strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members" and therefore "does not prescribe substantive rules and therefore does not carry the force and effect of law"); *Bowie v. Comm'r of Social Sec.*, 539 F.3d 395, 399 (6th Cir. 2008) (stating that HALLEX is "not binding on this court"); *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 859 (3d Cir. 2007) (holding that "HALLEX provisions … lack the force of law and create no judicially-enforceable rights").

Absent binding authority that non-compliance with the HALLEX requires (or even authorizes) remand, the Court finds persuasive the opinions of the Third, Sixth, and Ninth Circuits that reject the argument that an ALJ commits prejudicial error by not fully complying with or adopting a directive from the HALLEX. This is particularly true in light of the Eleventh Circuit's comments that to assume the

7

HALLEX is binding would be a "very big assumption." *George*, 338 F. App'x at 805. Thus, Plaintiff's Motion is denied on this score. Even assuming Plaintiff is right that the ALJ did not strictly follow the HALLEX that would not be sufficient to reject the findings of the ALJ based on the competent evidence presented.

### B. *Medical Evidence*

Next, Plaintiff argues that the ALJ erred when considering the medical evidence of record, because the ALJ afforded more weight to an X-Ray than an MRI. Specifically, Plaintiff argues that "x-rays are not precise enough to show hairline fractures and they cannot diagnose soft-tissue injury," whereas the ALJ "gave little to no weight to an MRI," which produces "a much more detailed image of both hard and soft tissue injuries." [D.E. at 14].

In its response, Defendant does not directly address this contention. Rather, Defendant asserts that, as with several of other Plaintiff's "enumerated errors," Plaintiff does not substantiate his argument with authority, and has therefore failed to carry his burden of demonstrating reversible error.

In her opinion, the ALJ noted that "[a]n X-Ray of the claimant's left shoulder noted no acute fracture." [D.E. 6-2 at 18]. Rather, it showed "subluxation of the acromioclavicular joint and widening of the coracoclavicular interval." [*Id*.]. The MRI conducted on Plaintiff's left shoulder, meanwhile, showed a "type III AC joint injury with separation." [D.E. 6-3 at 47]. The Court fails to see, then, how the ALJ's reliance on the X-Ray yielded a different result than if the ALJ relied on the MRI: both procedures evidence a joint injury to the shoulder, and neither demonstrate a

8

fracture. Moreover, while Plaintiff's opinion may be that the MRI is more telling than the X-Ray, he has not carried his burden of demonstrating that the ALJ erred in mentioning the X-Ray.

Even if the ALJ chose not to discuss the MRI results, her opinion was nonetheless supported by substantial evidence on this score (which included at-length consideration of state agency consultants and several consultative examiners). And when substantial evidence is present, it is not within this Court's province to second-guess the conclusion of the ALJ. *See DeJesus v. Comm'r of Soc. Sec.*, No. 6:20-CV-1685-LHP, 2022 WL 833677, at *7 (M.D. Fla. Mar. 21, 2022) ("To the extent that Dr. Reback's statement, which is equivocal at best, formed part of his ultimate opinion as to Claimant's limitations in the area of social interaction, Claimant provides no argument or explanation as to how the statement conflicts with the RFC. Nor does it appear to the Court that the statement is inconsistent with the ALJ's ultimate RFC determination."); *East v. Barnhart*, 197 F. App'x 899, 901 (11th Cir. 2006) ("East also argues that the ALJ erred in failing to consider the consulting psychologist's report by Dr. Priscilla Wilson. Ph.D. However, any error in failing to address this report explicitly in the ALJ's determination was harmless given that Dr. Wilson's observations in the report were consistent with the ALJ's determination.").

The rest of Plaintiff's briefing includes only general statements of law, conclusory descriptions of his alleged disabilities, and dissertations on what evidence is necessary for the ALJ to make a given finding. But Plaintiff, aside from his perfunctory "enumeration of error" section, does not meaningfully identify, argue,

9

and support any apparent errors in the ALJ's unfavorable decision (aside from non-compliance with the HALLEX and the ALJ's attention to Plaintiff's X-Ray). Consequently, because we find that the ALJ's decision is supported by substantial evidence, and because Plaintiff has failed to satisfy his burden of demonstrating an issue worthy of remand, Plaintiff's Motion is denied.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motions [D.E. 7, 9] are **DENIED**, Defendant's Motion [D.E. 8] is **GRANTED**, and the decision of the ALJ is **AFFIRMED**.

Finally, because the parties in the case impliedly consented to the exercise of Magistrate Judge jurisdiction following the direct assignment of the case under Admin. Order 2024-10, the Court now enters Judgment in favor of Defendant as to all claims in the complaint and directs that the case now be **CLOSED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 4th day of November, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge